■ JANE B. TRIPPE, Appellant, v. JOHN T. TRIPPE, Respondent.— Judgment awarding permanent alimony, counsel fees, etc., modified, on the law and

on the facts, to the extent of providing annual support and maintenance for the wife in the sum of $11,000, for the issue of the parties the sum of $4,000 annually and counsel fee of $4,000, and, as so modified, affirmed, with $50 costs and disbursements to plaintiff-appellant. Plaintiff and defendant were married in 1963 before completion of their college courses. They have been living apart since January 1, 1964. A son was born August 2, 1964. Defendant's sole income is from trusts established by his parents. A revocation of defendant's assignment of income to one of the trusts would make presently available to defendant some $49,000. In addition, defendant has contingent rights of inheritance under the wills of his maternal grandparents. Both plaintiff and defendant have enjoyed high standards of living. Between February 12, 1964 and September 30, 1965 plaintiff received from and in behalf of defendant the sum of $32,333.35. We find the award inadequate in the circumstances and modify the judgment accordingly. Concur — Botein, P. J., McNally and Capozzoli, JJ.; Stevens and Witmer, JJ., dissent in the following memorandum by Stevens, J. I dissent and would affirm the judgment granting the plaintiff $7,000 a year permanent alimony and $3,000 a year for support and maintenance of the two-year-old infant of the marriage. In considering the amount of alimony undue weight seems to have been given by the majority to the value of the trust funds of which the defendant is an income beneficiary, and to the ability of his parents and grandparents to provide financial assistance. The fact remains that the parties' married life was less than two weeks in duration. Except for the 10-day honeymoon, they lived together for exactly two days in the home of the defendant's parents. The marriage itself was the culmination of a college romance of approximately one year. During that time the record discloses that their individual standards of living, especially the plaintiff's, was the same as other university students. It was clearly not extravagant. Realistically it cannot be overlooked that the defendant through his parents does exercise persuasive if not actual control of the trusts involved. It is conceded that there is available by invading the trusts to the defendant $49,000 and income of $14,000 yearly. However, the 24-year-old plaintiff has already received since the separation over $32,000 from the defendant. And the award of $10,000 based on the defendant's admitted income of only $14,000 indicates that consideration was given by the lower court to defendant's ability to obtain outside financial assistance. In these circumstances the judgment clearly reflects "a realistic balancing" of all the material factors which comprise a proper alimony award (*Phillips* v. *Phillips*, 1 A D 2d 393, 396, affd. 2 N Y 2d 742). It should not be disturbed.